## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MaxRelief USA, Inc.,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | |
| **John O'Maley d/b/a John O'Maley and Associates** | § § § § | Civil Action No. _____ |
| | § § | **JURY DEMAND** |
| **Defendant.** | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff MaxRelief USA, Inc. ("MaxRelief" or "Plaintiff"), for its complaint against John O'Maley d/b/a John O'Maley and Associates ("O'Maley" or "Defendant") states and alleges as follows:

### I.     INTRODUCTION

Plaintiff MaxRelief is the manufacturer and distributer of a topical pain relief product, which is now sold nationwide. The topical pain relievers, which are sold under the MAXRELIEF trademark in the United States, are designed for active individuals in need of relief from muscle or joint pain. In the early days of its operation, MaxRelief, through its president, Peter Spoto contracted with Defendant O'Maley whereby O'Maley promised to provide master broker services to MaxRelief. Specifically, O'Maley promised to launch MaxRelief's products to designated accounts and also agreed to hire, train, and manage sales agencies for product distribution.

Despite MaxRelief performing under the contract and paying Defendant over $60,000, O'Maley failed to meet his obligations under the contract, resulting in an inadequate product launch and sales performance. Defendant O'Maley failed to adequately hire, train, and manage

*Plaintiff's Original Complaint*                                                                                                   1

sales agencies to result in proper product distribution, as contemplated in the aforementioned contract. Not only did O'Maley fail to perform under the service contact, but it appears that he never had sufficient plans to hire, train, and manage sales agencies despite causing MaxRelief to believe that he did have such plans. Furthermore, during the course of the parties' dealings, O'Maley led MaxRelief to believe that his plans were being adequately executed such that the MAXRELIEF products' launch would be successful, when in fact that was not the case.

## II.   PARTIES

1. MaxRelief is a Delaware corporation with its principal place of business located at 3053 Fillmore St., Suite 123, San Francisco, California 94123. MaxRelief sells and distributes pain relief products, namely topical creams, which are sold nationwide.

2. Defendant O'Maley is an individual existing or residing at 7262 Wethersfield Drive, Maineville, Ohio 45039 and does business as "John O'Maley and Associates." On his website at www.omaley.com, Mr. O'Maley identifies his business as "National Sales & Marketing Consultants."

## III.   JURISDICTION AND VENUE

3. This is an action for breach of contract, violation of Texas Business and Commerce Code § 17.46 (Deceptive Trade Practices), and other causes of action.

4. This Court has original diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). MaxRelief is a citizen of Delaware with a principal place of business in California and Defendant O'Maley is a citizen of Ohio. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. This Court has personal jurisdiction over Defendant as Defendant conducts business in the Northern District of Texas through the provision of services to national companies that are based in Texas and has established minimum contacts with the forum such that the exercise of

jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this Judicial District under 28 U.S.C. §1391(b) and (c)(2).

### IV. FACTUAL BACKGROUND

7. Plaintiff MaxRelief is the manufacturer and distributer of topical pain relief products in both spray and cream form. The products have a particular competitive advantage because the formula combines Arnica and Emu oil and at higher amounts than other competing products.

8. On or about April 21, 2016, Plaintiff, MaxRelief USA, Inc. and Defendant, John O'Maley and Associates entered into a master broker services agreement ("2016 Agreement") whereby O'Maley promised to launch MaxRelief's pain relief products and "hire, train & manage sales agencies for distribution of product." In return, MaxRelief promised to pay O'Maley certain upfront and monthly payments, as well as commissions on net sales.

9. Prior to entering into the contract, O'Maley positioned himself to MaxRelief's president, Peter Spoto, as an experienced sales and marketing consultant with personal contacts across the United States. Specifically, he stated that he had the experience to manage sales agencies such that the MAXRELIEF product would be successfully launched. The truth of O'Maley's statements were crucial to Mr. Spoto, as he was new to the particular product field and relied on Mr. O'Maley's representations that he had the sufficient experience and contacts to deliver on the 2016 Agreement.

10. After the contract began in April 2016, MaxRelief commenced payments to O'Maley pursuant to the contract. O'Maley would report to Mr. Spoto from time to time stating that he was making certain efforts to hire, train and manage certain sales agencies. When Mr. Spoto asked how the product was being received by his contacts, Mr. O'Maley always spoke positively

about the status of the sales efforts and stated that the MAXRELIEF products were well-received by distributors.

11. However, O'Maley kept crucial information from Mr. Spoto regarding the product's performance with potential distributors. Specifically, O'Maley did not inform Mr. Spoto that the product needed additional support to be successfully placed with distributors. Had Mr. Spoto known about the response to the product, he would have made the necessary changes to the selling strategy.

12. It is believed that the reason O'Maley did not provide Mr. Spoto with the truth of the performance of the product was because he believed Mr. Spoto would have ceased the $5,000 per month payments that were due to him under the 2016 Agreement because O'Maley was failing to perform under the contract. It is further believed that the reason for the need for the $5,000 per month is because O'Maley had recently been through a Chapter 13 bankruptcy which he failed to disclose to Mr. Spoto and did not have sufficient cash for his personal needs.

13. Over the course of the 2016 Agreement and other related agreements, MaxRelief paid O'Maley approximately $60,000, yet the revenue related to the sales of the MAXRELIEF pain relief products was approximately $20,000.

14. Because of O'Maley's actions and failures to act; MaxRelief was caused to source other avenues to sell the MAXRELIEF pain relief products at a significant cost. Furthermore, MaxRelief lost the opportunity to effectively and properly launch the product, which caused MaxRelief significant monetary damages.

## COUNT I
**(Breach of Contract)**

15. MaxRelief repeats and incorporates herein by reference the allegations of paragraphs 1-14 above as if set forth here in full.

16. Defendant's failure to adequately hire, train, and manage sales agencies as set forth in paragraphs 8 through 12 above constitutes breach of the 2016 Agreement between Defendant and MaxRelief.

17.     Upon information and belief, Defendant's aforesaid breaches of the 2016 Agreement were deliberate and willful.

18.     MaxRelief has been in full performance of its duties and obligations under the 2016 Agreement.

19.     As a result of the aforesaid breaches, MaxRelief has been irreparably damaged.

20.     MaxRelief has no adequate remedy at law.

21.     MaxRelief has been damaged in an amount in excess of $75,00 as a result of the conduct complained of herein as well as including incidental and consequential damages in an amount to be proved at trial.

## COUNT II
### (Violation of the Texas Deceptive Trade Practices Law)

22.     MaxRelief repeats and incorporates herein by reference the allegations of paragraphs 1-21 above as if set forth here in full.

23.     Defendant made false, misleading, and deceptive statements to MaxRelief that he was taking the necessary effort to hire, train and manage certain sales agencies to sell the MAXRELIEF products and that the MAXRELIEF products were well-received by distributors.

24.     Such false, misleading, and deceptive statements constitute an unlawful deceptive trade practice as per Texas Business and Commerce Code § 17.46.

25.     Defendant's acts in committing the above-referenced wrongs were done knowingly and intentionally.

26.     As a direct and proximate result of Defendant's actions and inactions, MaxRelief has suffered irreparable harm.

27.     As a direct and proximate result of Defendant's actions and inactions, MaxRelief has suffered damages, including incidental and consequential damages in an amount to be proved at trial.

## COUNT III
### (Unjust Enrichment)

28. MaxRelief repeats and incorporates herein by reference the allegations of paragraphs 1-27 above as if set forth here in full.

29. By receiving approximately $60,000 in compensation under the 2016 Contract while not performing under said contract, Defendant has been unjustly enriched to MaxRelief's detriment in violation of the common law of Texas and elsewhere.

30. Under the principles of equity, MaxRelief is entitled to damages, restitution, and/or disgorgement of Defendant's ill-gotten gains.

### F. Prayer

WHEREFORE, MaxRelief prays for judgment as follows:

1. For an award of compensatory damages.
2. For an award of treble damages as permitted under the Texas Deceptive Trade Practices Act.
3. For an award of damages, restitute, and disgorgement of Defendant's ill-gotten gains.
4. For an award of attorney's fees and costs.
5. For an award of prejudgment and post judgment interest, as authorized by law; and
6. All other relief the Court deems appropriate

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MaxRelief demands a jury on all issues triable of right by a jury.

Dated:  March 11, 2021    Respectfully submitted,
       Dallas, Texas

By: _____
    Jason S. Nardiello
    Bar No. 24110981
    *jason@nardiello.law*

NARDIELLO LAW PLLC
1341 W. Mockingbird Lane
Suite 600W, #143
Dallas, Texas 75247
(214) 974-5468 (phone)
(214) 974-5468 (fax)

*Attorneys for Plaintiff,*
*MaxRelief USA, Inc.*