IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXRELIEF USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00579-N |
| | § | |
| JOHN O'MALEY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant John O'Maley d/b/a John O'Maley and Associates' motion to dismiss for lack of personal jurisdiction or transfer venue [9] and Plaintiff MaxRelief USA, Inc.'s ("MaxRelief") motion for jurisdictional discovery [13]. Because MaxRelief's causes of action do not arise from or relate to O'Maley's contacts with the state of Texas, the Court denies MaxRelief's motion for jurisdictional discovery and transfers this case to the Southern District of Ohio, Western division.

### I. ORIGINS OF THE CONTRACT DISPUTE

MaxRelief manufactures and sells topical pain relief products nationwide. Pl.'s Compl. 1 [1]. MaxRelief and O'Maley entered a contract under which O'Maley would provide broker services to sell MaxRelief products to retailers in exchange for both scheduled payments and commissions on net sales. *Id.* ¶ 8. Disappointed by the volume of sales generated by the agreement, MaxRelief filed this lawsuit against O'Maley asserting claims for breach of contract, deceptive trade practices, and unjust enrichment arising out of the negotiation and performance of the contract. According to MaxRelief, O'Maley

ORDER – PAGE 1

breached the contract by failing "to adequately hire, train, and manage sales agencies" for distribution of MaxRelief's products, resulting in an inadequate product launch and sales performance.  *Id.* ¶¶ 13, 16.  MaxRelief also alleges that O'Maley unlawfully misrepresented his experience and business contacts prior to executing the contract and that O'Maley misrepresented the status of his sales efforts to ensure he would continue receiving monthly payments on the contract.  *Id.* ¶¶ 9–12.

O'Maley filed a motion to dismiss or transfer venue arguing this Court lacks personal jurisdiction over him due to his lack of sufficient contacts with the state of Texas. MaxRelief then filed a motion for jurisdictional discovery seeking additional evidence regarding O'Maley's contacts with Texas-based retailers.

## II.  THE COURT LACKS PERSONAL JURISDICTION OVER O'MALEY

### A.  *Legal Standards for Personal Jurisdiction*

A nonresident defendant is subject to the jurisdiction of a federal court sitting in diversity if (1) the forum state's long-arm statute confers personal jurisdiction overt that defendant and (2) exercise of personal jurisdiction by the forum state is consistent with due process under the United States Constitution.  *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).  The Texas long-arm statute confers jurisdiction to the limits of the Constitution.  *See id.*; *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984).  "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of Constitutional constraints on Due Process."  *Religious Tech. Ctr. v. Liebreich*, 339 F.3d

ORDER – PAGE 2

369, 373 (5th Cir. 2003); *see Gessmann v. Stephens*, 51 S.W.3d 329, 335 (Tex. App. – Tyler 2001, no pet.).

The Due Process Clause of the Fourteenth Amendment limits the reach of a state court's — and thus a federal court's — jurisdiction over a nonresident defendant. *See Shaffer v. Heitner*, 433 U.S. 186, 207 (1977). Specifically, due process requires that two elements be satisfied. First, the nonresident must have purposefully established "minimum contacts" in the forum state such that he should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Second, the exercise of personal jurisdiction must "comport with 'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). The minimum contacts analysis required by due process ensures that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472.

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction exists if (1) the cause of action is related to, or arises from, the defendant's contacts with the forum, and (2) those contacts meet the due process standard. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). General jurisdiction, on the other hand, exists where the claim is unrelated to the nonresident's contacts with the forum, but where those contacts are "so 'continuous and systematic' as to render [the nonresident] essentially at home" in the forum state.

ORDER – PAGE 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). Under either a general or specific jurisdiction analysis, however, the "constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Burger King*, 471 U.S. at 474).

A court must consider the totality of the circumstances of a case when making the purposeful availment inquiry, as "no single factor, particularly the number of contacts, is determinative." *Id.* at 1192. "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

MaxRelief, as the party seeking to invoke the Court's power, bears the burden of establishing the Court's jurisdiction over a foreign defendant. *See Pervasive Software Inc. v. Lexware GmbH & Co., KG*, 688 F.3d 214, 219 (5th Cir. 2012) (collecting cases). If a district court, as here, decides a motion to dismiss without holding an evidentiary hearing, a prima facie case suffices to establish jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). A court must take uncontroverted allegations in the complaint as true, and it must resolve all factual conflicts in favor of the plaintiff. *Pervasive Software*, 688 F.3d at 219–20 (citing *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)). In deciding the motion, a court may consider "affidavits, interrogatories, depositions, oral

ORDER – PAGE 4

testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson*, 755 F.2d at 1165). "But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts." *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

### B. The Court Lacks General Jurisdiction

MaxRelief asserts O'Maley is subject to general jurisdiction in Texas. To support general jurisdiction, MaxRelief must demonstrate O'Maley's contacts with Texas were "so 'continuous and systematic' as to render [O'Maley] essentially at home" in Texas. *Goodyear*, 564 U.S. at 919. Mere "continuous activity" in a state is not sufficient to subject a foreign defendant to personal jurisdiction in that state. *See Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014) (citing *Int'l Shoe*, 326 U.S. at 318).

MaxRelief provides no evidence or allegations of O'Maley's contacts with Texas that could plausibly support the exercise of general personal jurisdiction over O'Maley. MaxRelief argues O'Maley is subject to general jurisdiction in Texas because he advertises his national marketing relationships and his previous experience assisting major Texas-based businesses with product launches. Pl.'s Resp. Br. 3 [15]. Additionally, MaxRelief notes that both paying clients O'Maley obtained for MaxRelief are Texas-based companies and that O'Maley received commission payments from MaxRelief's sales in Texas. *Id.* But even O'Maley routinely doing business with clients in Texas — on MaxRelief's behalf or otherwise — would not subject O'Maley to general personal jurisdiction here. O'Maley

is an Ohio citizen conducting business out of Ohio. There is simply nothing in the factual record that comes close to suggesting O'Maley is "essentially at home" in Texas. Accordingly, the Court holds O'Maley is not subject to general personal jurisdiction in Texas.

### C. The Court Lacks Specific Jurisdiction

MaxRelief also argues that O'Maley is subject to specific jurisdiction in Texas. The Fifth Circuit has articulated a three-step test for conducting the specific jurisdiction analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (quoting *Seifarth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Even assuming O'Maley has satisfied the first step, the Court determines it lacks specific jurisdiction because MaxRelief's causes of action do not arise out of or relate to MaxRelief's contacts with Texas.

MaxRelief argues the following contacts support the exercise of specific jurisdiction over O'Maley in Texas: O'Maley (1) holding himself out as a national marketing consultant with contacts across the United States; (2) advertising his past work launching products with large Texas-based companies; (3) obtaining two Texas-based clients for MaxRelief while performing the contract (the only paying clients MaxRelief obtained via

the contract); (4) communicating with Texas companies both on behalf of MaxRelief and other clients; and (5) receiving commission and payments related to sales in Texas O'Maley brokered on behalf of MaxRelief and other clients. *See* Pl.'s Resp. Br. 3–5.

The Court begins by noting that to the extent that MaxRelief relies on O'Maley's work in Texas on behalf of other clients and his general reputation as a nationwide consultant, those contacts are insufficient because they are unrelated to the claims in this case. Accordingly, O'Maley's advertising materials, revenue generated from Texas for work unrelated to the contract, and prior business relationships with companies in Texas unrelated to the contract do not support this Court's exercise of specific jurisdiction over O'Maley in this lawsuit. Similarly, the clients O'Maley successfully obtained for MaxRelief in Texas and associated commissions do not establish specific jurisdiction here, because MaxRelief's claims are not based on the transactions O'Maley successfully brokered under the contract.

The Court lacks specific jurisdiction because MaxRelief's claims arise not from his contacts with Texas but from his lack thereof. The basis for MaxRelief's breach of contract and unjust enrichment claims is that O'Maley did not generate enough sales of MaxRelief products. Whether O'Maley failed to adequately generate sales in Texas or in other states, this breach does not arise from the communications O'Maley made with Texas-based companies. The breach instead relates to what O'Maley did not do from his place of business in Ohio. MaxRelief's deceptive trade practices claim fares no better. Even if O'Maley made systematic contacts with businesses located in Texas on MaxRelief's behalf, the cause of action arises from the misrepresentations O'Maley allegedly made

ORDER – PAGE 7

from Ohio to MaxRelief in California. The substance of MaxRelief's deceptive trade practices claim is that O'Maley was *not* establishing more contacts in Texas but telling MaxRelief that he was. Accordingly, the Court holds that MaxRelief's claims do not sufficiently arise from or relate to O'Maley's contacts with Texas to subject O'Maley to specific jurisdiction in Texas.

### III. THE COURT DENIES MAXRELIEF'S MOTION FOR JURISDICTIONAL DISCOVERY

MaxRelief argues that the Court should permit limited jurisdictional discovery. Specifically, MaxRelief seeks information about "the extent of the communications between [O'Maley] and . . . Texas-based companies," along with O'Maley's "marketing and promotional activities in Texas." Pl.'s Mot. for Jurisdictional Discovery 3.

A district court has broad discretion in discovery matters at every stage of litigation. *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982). "The scope of permissible discovery is limited by the requirement of relevance . . . ." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). "It is not error to deny discovery when there is no issue of material fact." *Id.* (citation omitted). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt*, 686 F.2d at 284).

The Court holds that the proposed jurisdictional discovery would serve no purpose. The above analysis concluding the Court lacks personal jurisdiction over O'Maley does not rely on a determination that O'Maley's communications or promotional activities directed at Texas are too sparse. The Court lacks specific jurisdiction because the causes of action raised in MaxRelief's complaint do not arise from or relate to O'Maley's alleged

ORDER – PAGE 8

contacts with Texas. Document discovery or deposition testimony disclosing O'Maley's specific communications with Texas-based companies and promotional activities in Texas, even on behalf of MaxRelief, would not change the result here. To the extent MaxRelief seeks such discovery to aid its arguments that O'Maley's continuous and systematic contacts with Texas subject him to general jurisdiction here, the Court notes that Supreme Court precedent makes general jurisdiction wholly implausible in this case. *See Daimler*, 571 U.S. at 132 (noting even "continuous activity" in a state does not render a party "at home" there) (citation omitted). There is no dispute of fact bearing on whether O'Maley is "at home" in Texas that additional discovery would clarify. Because jurisdictional discovery would serve no purpose and the lack of jurisdiction is clear, the Court denies MaxRelief's motion for jurisdictional discovery.

## IV. THE COURT TRANSFERS THE CASE TO THE SOUTHERN DISTRICT OF OHIO

The Court transfers the case to the Southern District of Ohio. The Fifth Circuit has recognized that section 1406 allows the Court to transfer a case "where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits," including the lack of personal jurisdiction. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); 28 U.S.C. § 1406. "Courts generally prefer transfer to dismissal . . . ." *Wolf Network, LLC v. AML Diagnostics, Inc.*, 2016 WL 1357742, at *3 (N.D. Tex. 2016). Thus, when venue is improper, a court may, in the interest of justice, transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper in the Southern District of Ohio as O'Maley resides in Maineville, Ohio and operates his business there. *See* 28 U.S.C. § 1391(b); Decl. of Def. John O'Maley [9-1].

ORDER – PAGE 9

Moreover, a substantial part of the events giving rise to the claim occurred in Ohio. *See* Decl. of Def. John O'Maley ¶ 7. Accordingly, the Court transfers the case to the Southern District of Ohio, Western division.

## CONCLUSION

The court lacks personal jurisdiction over O'Maley because he is in no way at home in Texas and MaxRelief's claims do not arise from or relate to O'Maley's contacts with Texas. Because the Court's lack of jurisdiction does not turn on a dispute of fact, the Court denies MaxRelief's motion for jurisdictional discovery. The Court grants in part and denies in part O'Maley's motion to dismiss or transfer venue. Accordingly, the Court transfers the case to the Southern District of Ohio, Western division.

Signed December 2, 2021.

_____
David C. Godbey
United States District Judge